**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

IN RE:
ANDREA J AVERILL

13396 LIME LAKE DR

SPARTA        MI   49345-0186

Debtor(s)  /

Case No:    G G  14-04375
Date Filed:   6/26/14
Chapter 13
Hon. John T. Gregg

# TRUSTEE'S  MOTION TO DISMISS THE CHAPTER 13 PROCEEDINGS AND NOTICE OF MOTION PURSUANT TO 11 U.S.C. 1307(c)

The Chapter 13 Trustee, **Brett N. Rodgers**, hereby moves this Court to dismiss the above captioned Chapter 13 case for the following reasons pursuant to 11 U.S.C. 1307(c):

(X)   1307(c)(1)  Unreasonable delay by the debtor that is prejudicial to creditors:

    (X)  Failure to cooperate with the Trustee and provide the following documents pursuant to 11 U.S.C § 521 and Bankruptcy Rule 4002: recorded mortgage, deed and SEV for real property located at 13396 Lime Lake Road; most recent pay stub for debtor and non-filing spouse; mortgage note on real property located at 350 N. 5th Street; payroll order; title and insurance for the 2008 Ford; evidence of the additional $400/month child support [$1,821.18/month per schedule I and $2,110.36/month per pay stubs].

(X) Plan exceeds 60 months in violation of § 1322(d)(2)(C); the plan is currently running 103 months.

(X) Other: Failure to amend the Plan to increase the payment to at least $858/month based on additional disposable income noted in debtor husband's pay stubs and an elevated budget for this case.   The non-filing spouse's income projected with his recent pay stubs, without including overtime, reflects $6,404/mo gross income which is $326/month higher than schedule I and $6,368/month net income which is $222/month higher than Schedule I.   If the non-filing spouse works overtime, these amounts will be higher.  It is noted on the pay stubs provided to the Trustee that the non-filing spouse has been working an average of 8 hours of overtime per pay period, but it is unclear if this overtime income will continue.

In addition, the Schedule J expenses for this case appear to be elevated for this case.  The expenses in question include, but are not limited to the following: $1,392.79/month food/housekeeping, $500/month electric/heating, $200/month cell phone, $300/month auto insurance, $182/month State of MI taxes, $334.63/month auto payment plus $161.76/month additional auto payment [total auto = $496.39/month].  The total expenses of $6,245.05/month appear to be excessive for a household of 7 with the notion that several of the dependents  reside with the debtors on a part-time basis.

Failure to amend the Plan to provide for a step payment increase of $122.72/month when the debtor's 401k loan is paid in full.  In addition, failure to amend the Plan to increase the Plan payment by another $161.76/month with the 2008 Ford is paid in full.  This vehicle is currently paid outside direct and has an approximate balance owing of $3,726.  The Plan will need to specify the month and year of each increase.

        Note:  As a result of the above Motion being made, your case could be converted to a Chapter 7 case.

## NOTICE OF MOTION

        Take notice that if a timely response is filed the within motion will be heard before the Honorable John T. Gregg on **OCTOBER 28, 2014 at 9:00 A.M.**  This hearing will be held at the U.S. Bankruptcy Court, One Division Ave NW, 2nd Floor, Courtroom C, Grand Rapids, MI 49503.

If you wish to oppose the Motion you must file a written response with the Bankruptcy Court at One Division Ave.,N. Room 200, Grand Rapids, MI 49503 and serve a copy upon the Chapter 13 Trustee at 50 Louis St NW, Suite 700, Grand Rapids MI 49503 within 30 days of the date on which the Bankruptcy Noticing Center (BNC) served this Motion to Dismiss. The response filed must comply with Local Bankruptcy Rule 9013(d) and must state with particularity the reasons why the Trustee's Motion should not be granted. If a timely response is not filed, the Chapter 13 Trustee may at any time after the expiration of the 30 day period, file with the Court a certificate stating that no timely response or request for hearing has been filed together with a proposed Order Dismissing the case and cancel the scheduled hearing date as moot.

Dated:     9/17/2014                              /s/ Brett N. Rodgers
                                                  **Brett N. Rodgers, Trustee**

## PROOF OF SERVICE

This Motion to Dismiss was served electronically upon the attorney for the debtor(s), if applicable, and the debtor(s) by the BNC.

**ATTORNEY FOR DEBTOR(S):**     CORWIN LAW & CONSULTING PLC