UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

Andrea J. Averill,

Debtor.

Case #: 14-04375
Chapter 13 Proceeding
Filed: June 26, 2014

Hon. John T. Gregg

_____/

## MOTION TO SELL REAL PROPERTY

*NOW COMES* Debtor, by and through her attorney, Corwin Law & Consulting, PLC, and asks the Court to authorize Debtor to sell real property on the following terms and conditions, and for her Motion to Sell Real Property, states as follows:

1. That Debtor's Chapter 13 Petition was filed on June 26, 2014.

2. That Debtor's Chapter 13 Plan, as amended, was confirmed on or about October 29, 2014. The case has never been converted, dismissed, or reinstated.

3. That at the time of the commencement of this case, Debtor was the owner of a home situated in the Village of Fruitport, County of Muskegon, State of Michigan, commonly known as 350 N. 5th Ave., Fruitport, MI 49415, and further bearing the legal description of Village of Fruitport Sec 36 T9N R16W Blk 5 S 110 Ft of Lot 6, as recorded at Liber 3803, Page 419, according to Muskegon County Register of Deeds Records.

4. That said property is subject to a mortgage held by Fifth Third Bank with a current mortgage balance of approximately $67,000.

5. That the fair market value of said property, based upon State Equalized Value is estimated to be approximately $130,000.

6. That in addition to repayment of said mortgage, Debtor owes approximately $21,000

to other creditors under the Plan.

7. That according to Section IV (B) of the Plan filed July 3, 2014, "all property of the estate shall remain property of the estate" and according to Section IV(C), Debtor shall not dispose of any real property except that Debtor shall request prior Court approval.

8. That Debtor is desirous of selling such property so as to fully repay all of her indebtedness, and to that end has secured the services of a realtor (see attached Exhibit A – listing agreement).

9. That Debtor is persuaded that listing such property for sale at a price not less than $110,000 would enable repayment of mortgage, closing costs, which are estimated to be $10,026.00 (see attached Exhibit B – Estimated Seller Proceeds).

10. Fifth Third Bank will be paid in full at closing pursuant to a current payoff statement before the close of escrow.

*WHEREFORE*, that for all such reasons, Debtor prays that the Court enter an Order pursuant to 11 USC 363 allowing for a sale of said property for a sale price of not less than $110,000 free and clear of any liens which may be asserted against the property with any liens or interests therein attaching to the proceeds of said sale with all net proceeds, after payment of mortgage and costs of closing, to be turned over to Trustee for disbursement consistent with the Chapter 13 Plan with any surplus thereafter to be remitted to Debtor. Debtor further requests that the fourteen (14) day stay imposed by FED R. BANKR. P. 6004(h) be waived.

Dated:  February 1, 2018         Respectfully submitted,

                                 s/Stephen C. Corwin
                                 Stephen C. Corwin (P27262)
                                 Attorney for Debtor
                                 Corwin Law & Consulting PLC
                                 PO Box 1378
                                 Muskegon, MI 49443-1378
                                 (231) 726-6000