UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re: Andrea Averill                                           Case No.: GG 14-04375
                                                                Date Filed: 6/26/14
          Debtor                                                Hon. John T. Gregg
_____/                                Chapter 13 Proceeding


**TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO SELL REAL PROPERTY**

NOW COMES the Trustee Brett N. Rodgers, by and through his staff attorney Elizabeth Clark, and hereby objects to Debtor's Motion to Sell Real Property filed on February 1, 2018 (hereinafter referred to as "Motion to Sell") and states as follows:

1. Debtor filed her Chapter 13 Proceeding on June 26, 2014, and her Chapter 13 Plan was subsequently confirmed on October 28, 2014.

2. Debtor listed the value of her interest in real estate located at 350 N. 5th Ave. in Fruitport, MI at $107,400.00 in her original Schedule A filed with court on July 3, 2014 with a secured claim amount of $72,716.00.

3. Fifth Third Mortgage Company filed a proof of claim with court on July 17, 2014 **(Court Claim #3 included in the file herein)** reflecting a balance owing on its secured claim in the subject property in the amount of $72,426.17 as of the date of filing.

4. Debtor is now seeking to sell her interest in the subject real estate for a sale price of not less than $110,000.00 with all net proceeds, after payment of mortgage and costs of closing, to be turned over to Trustee.

1

5. Debtor's Motion to Sell does not specify the actual terms and conditions of the sale which fails to meet the standards as set forth in Fed. R. Bankr. P. 2002(c)(1) and thus should be denied based upon the following:

   a. Debtor's Motion to Sell has failed to specify the actual sale price and proposed buyer for the sale of the subject real estate which means that any amounts stated in the Motion to Sell, such as closing costs of $10,026.00, are simply estimates. Without the specific terms of the sale, the Trustee cannot accurately determine whether the actual sale price is reasonable and represents good faith and whether the anticipated net proceeds would be sufficient to pay off Debtor's Chapter 13 Plan in full.

   b. Additionally, Debtor has failed to supply the Chapter 13 Trustee with the purchase agreement related to the sale of the subject real estate which would reveal the actual terms and conditions of the sale.

WHEREFORE, the Trustee requests that the Debtor's Motion to Sell be denied and that the Court award any other relief the Court determines to be just and equitable under the circumstances.

Respectfully submitted,

Date: March 2, 2018

_____/s/_____
Elizabeth Clark, Staff Attorney for
Brett N Rodgers Chapter 13 Trustee
99 Monroe Ste. 601
Grand Rapids, MI 49503
(616) 454-9638